HONORABLE ROBERT S. LASNIK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEATTLE PACIFIC INDUSTRIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>S3 HOLDING LLC and OLIVIA MILLER, INC.<br><br>Defendants. | Civil Action No.: 18-cv-224-RSL<br><br>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br>(PUBLIC VERSION, REDACTED)<br><br>NOTING DATE: DECEMBER 21, 2018 |

## INTRODUCTION

Plaintiff Seattle Pacific Industries, Inc. ("SPI") is the owner of the well-known UNIONBAY trademarks for apparel and footwear. In 2014, SPI licensed its UNIONBAY marks to defendant S3 Holding LLC ("S3") for use in connection with the manufacture and sale of footwear pursuant to a Trademark License Agreement (the "License Agreement"). In 2017, S3 failed to make two required quarterly guaranteed minimum quarterly royalty payments and two quarterly advertising payments. SPI delivered a written notice of default to S3 resulting in the termination of the License Agreement. Despite the termination of the License Agreement, S3 has continued to sell UNIONBAY merchandise without authorization.

Based on S3's answer to the complaint and its responses to SPI's written discovery requests, there is no dispute that S3 breached the License Agreement and that SPI has been damaged.  It is undisputed that S3 owed SPI $160,000 in guaranteed payments under the License Agreement for 2017. It is also undisputed that SPI has been deprived of payment of

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Civil Action No. 18-cv-224-RSL ...................................... 1

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

royalties for all of S3's 2018 sales of UNIONBAY merchandise which was unauthorized and in breach of the License Agreement.

All sales of UNIONBAY branded merchandise without authorization after termination of the License Agreement also constitute trademark infringement. For this infringement, SPI is also entitled to recover damages in form of lost royalties. Further, to compensate SPI for the additional substantial and irreparable damage to the goodwill of the UNIONBAY Marks, SPI requests that the Court treble the lost royalties award as authorized under the Lanham Act.

Based on these undisputed facts, SPI now moves for summary judgment on its breach of contract and trademark infringement claims.

## STATEMENT OF FACTS

Founded in 1980 and based in Seattle, Washington, SPI is the owner of the family of UNIONBAY trademarks for various types of apparel and footwear. Declaration of Stephen Ritchey ("Ritchey Decl."), ¶ 2. The UNIONBAY trademarks (the "UNIONBAY Marks") include, among others, the following registered marks:

| Mark | Reg. No. | Reg. Date | Goods |
| --- | --- | --- | --- |
| UNION BAY | 1297731 | 9/25/1984 | Men's, Women's and Children's Clothing and Sportswear Garments-Namely, Jeans, Blouses, Shirts, Jackets, Slacks, Pants, Tee-Shirts |
| UNIONBAY | 1559904 | 10/10/1989 | Men's, Women's and Children's Clothing and Sportswear Garments-Namely, Jeans, Blouses, Shirts, Jackets, Slacks, Pants, Tee-Shirts |
| UNIONBAY | 2353790 | 5/30/2000 | Men's, women's and children's clothing and accessories, namely, jeans, blouses, shirts, jackets, belts, bottoms, underwear, coats, dresses, footwear, gloves, head wear, hosiery, sleepwear, socks, neckwear, robes, overalls, pants, skirts, sweaters, tops, and swim wear |
| UB | 2455084 | 5/29/2001 | Men's, women's and children's clothing and accessories, namely, jeans, blouses, shirts, jackets, belts, bottoms, underwear, coats, dresses, footwear, gloves, head wear, hosiery, sleepwear, socks, neckwear, robes, overalls, pants, skirts, sweaters, tops, and swim wear |

Ritchey Decl., ¶ 3 & Ex. A.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Civil Action No. 18-cv-224-RSL ..................................... 2

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

On August 22, 2014, SPI entered into the License Agreement with S3 as licensee and Olivia Miller, Inc. ("Olivia Miller") as guarantor. Ritchey Decl., ¶ 6 & Ex. B. In the License Agreement, SPI granted to S3 an exclusive license to use the UNIONBAY Marks in connection with the design, manufacture and wholesale distribution of footwear for young men and footwear for boys (the "UNIONBAY Products"). Complaint ¶ 11 (Doc. No. 1), Answer ¶ 11 (Doc. No. 17); Ritchey Decl., ¶ 7 & Ex. B (Standard Terms and Conditions ("Standard Terms") ¶ 2(a)). Olivia Miller guaranteed the prompt payment of each and every obligation and liability of S3 under the License Agreement. Complaint ¶ 12, Answer ¶ 12; Ritchey Decl., ¶ 8 & Ex. B (Basic Terms ¶ 10). As stated in paragraph 10 of the Basic Terms of the License Agreement, the guarantee "is an absolute continuing and unlimited guarantee of payment." Id.

The License Agreement provides that S3 was required to make an annual Guaranteed Minimum Royalty Payment (the "GMRP"). Ritchey Decl., ¶ 9 & Ex. B (Basic Terms, ¶ 6). For the year ending December 31, 2017, the amount of the GMRP was $120,000. Id. S3 was also required to pay at least 2% of the Guaranteed Minimum Net Sale (the "GMNS") each year as an Advertising Payment. Id. (Basic Terms, ¶ 9). The Advertising Payment for 2017 was $40,000 (2% of the GMNS of $2,000,000). See id. (Basic Terms, ¶ 7). Thus, for 2017, S3's total minimum guaranteed payments due under the License Agreement were $160,000.

For 2017, S3 agreed to pay to SPI the GMRP in equal quarterly installments in advance on the first day of January, April, July and October. Ritchey Decl., ¶ 11 & Ex. B (Standard Terms, ¶ 3(a)). The Advertising Payment for 2017 was also due and payable on a quarterly basis at the same time as the quarterly installments of the GMRP. Id. (Standard Terms, ¶ 3(d)). Thus, on January 1, 2017, S3 was required to pay to SPI $40,000 ($30,000 in GMRP and $10,000 in Advertising Payment. And on April 1, 2017, S3 was required to make another payment to SPI of $40,000.

It is undisputed that S3 failed to make either of these required payments. Ritchey Decl. ¶ 12. S3 admits that it did not make the quarterly installment payment of the GMRP for either

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Civil Action No. 18-cv-224-RSL ...................................... 3

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

the first quarter or the second quarter of 2017. Declaration of Marc Levy in Support of Plaintiff's Motion for Summary Judgment ("Levy Decl."), Ex. A (Responses to Requests for Admission Nos. 5 & 6). It is also undisputed that S3 did not make any Advertising Payment in 2017. Id. (Response to Request for Admission No. 8).

On May 16, 2017, SPI provided a written notice of default to S3 based, in part, on S3's failure to make its required quarterly installments of the GMRP and the Advertising Payment for the first and second quarters of 2017. Ritchey Decl. ¶ 13 & Ex. C. S3 admits that it failed to cure these defaults. S3 admits that it has not made any payments to SPI since January 1, 2017. Levy Decl., Ex. A (Response to Request for Admission No. 1).

The License Agreement terminated not later than 10 days after SPI sent its notice of default, namely May 26, 2017.[1] As a result of SPI's termination of the License Agreement, the entire balance of the GMRP and the Advertising Payment was accelerated and became immediately due and payable. Ritchey Decl., ¶ 15 & Exhibit B (Standard Terms, ¶ 11(c)(4) ("Any termination of this Agreement resulting from a breach or default by Licensee shall not relieve Licensee from any obligations which accrued prior to the date of termination. In addition, the unpaid balance of the GMRP and Advertising Payment shall be accelerated and be immediately due and payable.").

Within 15 days after termination, S3 was required to provide to SPI a detailed schedule of all inventory remaining on the date of termination and its location. S3 failed to comply with this obligation. Ritchey Decl., ¶ 17. The only information concerning S3's inventory was provided on June 7, 2017 and such information was incomplete; it lacked any information as to the location of the inventory. Id. S3 admits that it did not provide to SPI the location of its

---

[1] Ritchey Decl., ¶ 14 & n. 1, Ex. B (Standard Terms ¶ 11(b). In fact, the License Agreement terminated immediately upon SPI's sending of its May 16, 2017 notice of termination because the termination was based in part on S3's failure to obtain approval on many styles of footwear it was selling. See Ritchey Decl., ¶ 14 & n. 1, Ex. B (Standard Terms ¶ 11(a). However, for purposes of this motion, SPI is not relying on S3's failure to obtain approvals as the basis for termination. Therefore, for purposes of this motion, SPI will assume that the License Agreement terminated on May 26, 2017, ten days after it sent its notice.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Civil Action No. 18-cv-224-RSL ..................................... 4

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

inventory remaining at any time after May 16, 2017. Levy Decl., Ex. A (Response to Request for Admission No. 8).

If S3 had provided the required inventory data as required, S3 would have had the right to sell through its inventory of UNIONBAY Products remaining as of the date of termination for a period of 180 days (ending not later than November 23, 2017), the Disposal Period. See Ritchey Decl., ¶ 17 & Ex. B (Standard Terms ¶ 11(d)). S3, however, failed to comply with this requirement and therefore S3 did not earn the benefit of the Disposal Period.

S3 admits that it has sold UNIONBAY Products after SPI sent its notice of termination on May 16, 2017. Levy Decl., Ex. A (Response to Request for Admission No. 11). S3 also admits that it has sold UNIONBAY Products after the end of the Disposal Period in November 2017. Levy Decl., Ex. A (Response to Request for Admission No. 12).

Using S3's sales records, SPI has calculated the amount of royalties it has lost as a result of SPI's 2018 sales of UNIONBAY Products after the termination of the License Agreement. Those royalties total ▮▮▮▮ based on sales revenue of ▮▮▮▮. Ritchey Decl. ¶ 20. SPI has also calculated lost royalties on sales of S3's current inventory of UNIONBAY Products. That represents an additional royalty of ▮▮▮▮. Ritchey Decl. ¶ 21.

SPI filed this action on February 12, 2018. Under the License Agreement, defendants agreed that any controversy arising of the License Agreement "shall be resolved without a jury in a State or Federal Court located within the City of Seattle." Ritchey Decl., Ex. B (Standard Terms ¶ 17(i)). Defendants further consented to jurisdiction in such courts. Id. The parties further agreed that the License Agreement "shall be governed by and interpreted pursuant to the laws of the State of Washington…." Id.

**ARGUMENT**

**I.      Summary Judgment Standard**

Summary judgment is appropriate when there is no genuine dispute as to any material fact which would preclude the entry of judgment as a matter of law. Fed. R. Civ. P. 56(a). The

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Civil Action No. 18-cv-224-RSL ..................................... 5

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

moving party, SPI, bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once the moving party has satisfied its burden, it is entitled to summary judgment if the nonmoving party fails to designate specific facts showing that there is a genuine issue of material fact for trial. Id. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient," and factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The Court will view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Mueller v. Auker*, 576 F.3d 979, 991 (9th Cir. 2009).

In this case, SPI has met its burden of establishing that there is no genuine dispute as to any material fact that would preclude the entry of judgment as a matter of law on both of its breach of contract and trademark infringement claims.

**II.  S3 Breached the License Agreement**

To sustain a claim for breach of contract, a party must allege a duty imposed by contract, a breach and damages proximately caused. *NW Indep. Forest Mfrs. V. Dep't of Labor & Indus.*, 78 Wash. App. 707, 712, 899 P.2d 6 (1995). SPI has satisfied each required element.

First, the License Agreement imposed duties on S3 to make quarterly installment payments of both the GMRP and the Advertising Payment for the first and second quarters in 2017. Second, it is undisputed that S3 breached these duties because it admittedly failed to make these payments. Third, SPI has suffered damages from this breach in being deprived of these required payments.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Civil Action No. 18-cv-224-RSL ..................................... 6

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

S3 also breached the License Agreement by admittedly selling UNIONBAY Products after it was terminated in May 2017. S3 was not entitled to the benefit of the Disposal Period because it failed to meet the conditions required to obtain that benefit. Therefore, all S3's sales of UNIONBAY Products after not later than May 26, 2017 were unauthorized. But even if S3 had been entitled to the Disposal Period, it is undisputed that that period ended not later than November 23, 2017 and that S3 continued to sell License Products after the end of that period and into 2018. SPI has been damaged by this breach in the amount of the royalties of which it has been deprived. Based on S3's own sales data, these unpaid royalties for 2018 sales (not covered by the GMRP for 2017) amount to ▮▮▮▮. In addition, S3 is continuing to sell its current inventory of UNIONBAY Products. Royalties on its sales of this inventory amount to another estimated ▮▮▮▮. Thus, the total amount of damages from S3's breaches of contract are $208,148.[2]

Because these contract damages are liquidated, they are subject to an award of prejudgment interest. *See Unigard Ins. Co. v. Mut. Of Enumclaw Ins. Co.*, 160 Wn. App. 912, 925, 250 P.3d 121 (2011). Under Washington law which governs the License Agreement, the prejudgment interest rate is set by RCW 19.52.010 at twelve percent. *See Hill v. Garda CL Nw., Inc.*, 191 Wn.2d 553, 573, 424 P.3d 207 (2018) ("prejudgment interest under RCW 19.52.010 is designed to repay the plaintiff for the 'use value' of the money that the plaintiff never received."). The $160,000 in contract damages was liquidated as of no later than May 26, 2017, when that sum became due and payable. SPI is therefore entitled to recover prejudgment interest at the rate of twelve percent per year on the $160,000 amount from May 26, 2017 to the date of judgment.

Finally, the prevailing party in any action to enforce rights under the License Agreement "shall be entitled to recover from the losing party its reasonable attorneys' fees and

---

[2] The $208,148 damages figure is based on the undisputed unpaid GMRP and Advertising Payment for 2017 of $160,000 plus royalties on S3's 2018 sales of UNIONBAY Products of ▮▮▮▮ and estimated royalties on S3's current inventory of UNIONBAY Products of ▮▮▮▮.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Civil Action No. 18-cv-224-RSL ...................................... 7

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 F FTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

costs ….." Ritchey Decl., Ex. B (Standard Terms ¶ 17(q)). Therefore, in addition to the $208,148 in breach of contract damages plus prejudgment interest, S3 is liable to pay SPI's reasonable attorneys' fees and costs.[3]

### III.     S3 Has Infringed SPI's UNIONBAY Marks

To show trademark infringement under the Lanham Act, the plaintiff must show that (1) the plaintiff owns a valid trademark; (2) the defendant is using the trademark without the plaintiff's authorization; and (3) the defendant's use of the trademark likely confuses consumers. *Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007) (citing *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1047, 1053 (9th Cir. 1999)).

In this case, S3 has undisputedly engaged in trademark infringement. First, there is no dispute that SPI is the owner of the UNIONBAY Marks which are registered. Ritchey Decl. ¶¶ 2-4 & Ex. A.

Second, there is no dispute that S3 has been using the UNIONBAY Marks without authorization after it no longer had any right to use such marks under the License Agreement. S3 admits that it has sold UNIONBAY Products after November 2017, which would have been the end of the Disposal Period even if it would have been activated.

Third, there is no dispute that S3's continued use of the UNIONBAY Marks on the UNIONBAY Products is likely to confuse consumers. Courts regularly find a likelihood of consumer confusion when, as here, former licensees continue to use trademarks without authorization. *See, e.g., Church of Scientology Int'l v. Elmira Mission of the Church of Scientology*, 794 F.2d 38, 44 (2d Cir. 1986) ("When such party . . . loses its authorization yet continues to use the mark, the potential for consumer confusion is greater than in the case of a random infringer. Consumers have already associated some significant source identification

---

[3] Because the License Agreement provides for reasonable attorneys' fees and costs, if the Court grants SPI's motion for summary judgment, SPI requests that it be provided an opportunity to present its fees claim to the Court.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Civil Action No. 18-cv-224-RSL ..................................... 8

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

with the licensor."); *see also Wetzel's Pretzels, LLC v. Johnson*, 797 F. Supp. 2d 1020, 1028 (C.D. Cal. 2011) ("Continued use by former . . . licensee of the mark constitutes a fraud on the public, since they are led to think that the continuing user is still connected with the trademark owner." (internal quotation marks omitted)). After the termination of the License Agreement, there is no way for the public to know that the S3-produced UNIONBAY Products do not come from Plaintiff. Therefore, S3's continued use of the UNIONBAY Marks on UNIONBAY Products is likely to cause confusion among consumers.

Under the Lanham Act, SPI is entitled to actual damages caused by the infringement. 15 U.S.C. § 1117. In a case like this one involving a terminated licensee, it is proper to measure the amount of damages based on the royalty rate set forth in the license agreement. *See, e.g., Choice Hotels Int'l, Inc. v. Patel*, 2013 U.S. Dist. LEXIS 194012,*9 (S.D. Cal. 2013) ("The Court finds that the appropriate measure of damages is the amount of royalties Choice Hotels would have received pursuant to the franchise agreement had Defendants remained franchisees during the infringing period."). SPI has been damaged in the amount of royalties it has lost because S3 has continued to sell UNIONBAY Products without authorization, namely ▮ representing royalties on all of S3's 2018 sales.

"In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount." 15 U.S.C. § 1117. In exercising this discretion, any damages enhancement "shall constitute compensation and not a penalty." Id. *See Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105, 1114 (9th Cir. 2014). In this case, an enhancement of the damages award is proper in order compensate SPI for the substantial and irreparable loss of goodwill and value of the UNIONBAY Marks caused by S3's unauthorized use of the marks. This loss is not reflected in the lost royalties which only reflect the negotiated compensation for the use of the marks under license. Ritchey Decl. ¶ 22. *See Choice Hotels*, 2013 U.S. Dist. LEXIS

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Civil Action No. 18-cv-224-RSL ...................................... 9

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

194012,*10 (doubling damages award of lost royalties based on damage to goodwill). S3 seeks an award of treble damages of $144,408 to provide compensation to S3 for this loss.

### IV.  Olivia Miller, Inc. is Liable Under its Unconditional Guaranty

Olivia Miller, Inc. ("Olivia Miller") provided an unconditional guaranty of S3's obligations under the License Agreement. "An absolute guaranty is an unconditional undertaking on the part of the guarantor that the debtor will pay the debt or perform the obligation." *Nat'l Bank of Wash. v. Equity Investors*, 81 Wn.2d 886, 917, 506 P.2d 20 (1973) (quoting *Robey v. Walton Lumber Co.*, 17 Wn.2d 242, 255, 135 P.2d 95 (1943)). Because Olivia Miller's guaranty is absolute, S3's default under the License Agreement automatically triggers Olivia Miller's liability for S3's obligation. Thus, Olivia Miller is liable for the full amount of S3's breach of contract, namely, $208,148, plus prejudgment interest and attorney's fees, as provided in the License Agreement.

### CONCLUSION

SPI licensed its UNIONBAY Marks to S3 to sell footwear. S3 admittedly breached its payment obligations under the License Agreement and SPI properly terminated the license. S3 is liable not only for breach of contract, but also for trademark infringement because it continued to sell UNIONBAY Products long after its license was terminated. SPI respectfully requests that the Court grant its motion for summary judgment and grant the following relief:

  i. Breach of contract damages in the amount of $208,148;

  ii. Treble damages from trademark infringement in the amount of $144,408;

  iii. Prejudgment interest on the $160,000 portion of breach of contract damages calculated at the annual rate of 12% from May 26, 2017 to the date of judgment; and

  iv. Reasonable attorney's fees and costs in an amount to be determined.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Civil Action No. 18-cv-224-RSL .................................. 10

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

Respectfully submitted this 29th day of November, 2018,

Seed IP Law Group LLP

By: /s/ Marc C. Levy
Marc C. Levy, WSBA No. 19203
Thomas A. Shewmake, WSBA No. 50765
701 Fifth Ave., Suite 5400
Seattle, WA 98104
(206) 622-4900
marcl@seedip.com
tomshewmake@seedip.com

Attorneys for Plaintiff
Seattle Pacific Industries, Inc.

### CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of November, 2018, I caused to be electronically filed the foregoing PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Scott Zarin

scottzarin@copyrightrademarkcounsel.com

  /s/Jennifer Ruppert
Jennifer Ruppert

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Civil Action No. 18-cv-224-RSL ................................. 11

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900