HONORABLE ROBERT S. LASNIK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEATTLE PACIFIC INDUSTRIES, INC. | Civil Action No.: 18-cv-224-RSL |
| Plaintiff, | |
| v. | PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |
| S3 HOLDING LLC and OLIVIA MILLER, INC. | |
| Defendants. | NOTING DATE: JANUARY 18, 2019 |

**INTRODUCTION**

In its motion for summary judgment, Plaintiff Seattle Pacific Industries, Inc. ("SPI")

met its initial burden of establishing that there is no genuine issue of material fact that

Defendant S3 Holding LLC ("S3") breached its License Agreement with SPI by failing to pay

what it owed.  SPI also met its burden of establishing no genuine issue of material fact that S3's

continued sale of UNIONBAY branded merchandise after the termination of the License

Agreement is trademark infringement in violation of Sections 32 and 43(a) of the Lanham Act.

Defendants have failed to meet their burden of designating specific facts showing that

there is a genuine issue of material fact for trial on SPI's claims.  *Celotex Corp. v. Catrett*, 477

U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  Defendants do not dispute that S3

failed to make its required guaranteed minimum royalty payments and advertising payments for

the first and second quarters of 2017.  Nor do Defendants dispute that S3 continued to sell

UNIONBAY merchandise after the termination of its license.

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Civil Action No. 18-cv-224-RSL ...................................... 1

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

1    Defendants' only argument against summary judgment on the breach of contract claim

2    is that they should be entitled to a trial on their affirmative defense of equitable estoppel.

3    Defendants have failed to meet their burden of identifying facts that would create a triable issue

4    of fact on this affirmative defense.  Specifically, they have failed to meet the first threshold

5    requirement for any equitable estoppel claim, namely, "an admission, statement, or act

6    **inconsistent with a claim afterward asserted**."  *Berschauser/Phillips Const. Co. v. Seattle*

7    *Sch. Dist. No. 1*, 124 Wn.2d 816, 821, 861 P.2d 986 (1994) (emphasis added).  None of S3's

8    proferred statements or acts by SPI – neither SPI's representation of ownership in the

9    UNIONBAY marks, nor SPI's disapproval of certain S3 shoe designs in 2017 – is inconsistent

10    with SPI's later assertion of a breach of contract claim against S3 for nonpayment.  To the

11    contrary, they are fully consistent the assertion of this claim.

12    Defendants' contention that equitable estoppel also applies to SPI's trademark

13    infringement claims under the Lanham Act fares no better.  Neither SPI's representation of

14    ownership in the UNIONBAY marks, nor SPI's disapproval of certain S3 designs in 2017, is

15    inconsistent with SPI's assertion of a trademark infringement claim against S3 for sale of

16    unlicensed branded merchandise after the termination of the license.  Indeed, SPI's ownership

17    of the UNIONBAY marks is a required element of these claims.

18    Defendants' only other argument against SPI's Lanham Act claims is that they are

19    barred by the economic loss doctrine.  S3 fails to cite a single authority supporting the

20    application of the state law economic loss doctrine to bar federal Lanham Act claims against a

21    former licensee.  That is because the doctrine clearly does not apply.  SPI's Lanham Act claims

22    arise from duties created by a comprehensive federal statute governing trademarks and unfair

23    competition, not from duties created by the License Agreement.[1]

24    _____

25    [1] Defendants ask the Court to deny SPI's motion for summary judgment "because Defendants have viable affirmative defenses to Plaintiff's claims, including but not limited to equitable estoppel, as well as counterclaims, on which they have not yet completed discovery and which likely will defeat Plaintiff's claims;…" Opposition p.

26    4.  There are no counterclaims in this case and the deadline to amend pleadings, October 3, 2018, passed more than three months ago.  Minute Order Setting Trial Date & Related Dates (Doc. No. 21).  Defendants cannot avoid

27

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Civil Action No. 18-cv-224-RSL ..................................... 2

Regarding remedies, Defendants have failed to explain why the actual damages award for SPI's trademark infringement should not be enhanced to compensate SPI for the damage to its goodwill caused by this infringement.  Defendants offer nothing to rebut the testimony of SPI's president, Steven Ritchey, that SPI "has been unable to exercise any control over S3's use of its marks" after the termination of the license.  As Defendants acknowledge, the 2017 styles that S3 sold after termination of the license were not approved by SPI.  This tangibly demonstrates that the infringing S3 UNIONBAY goods were not consistent with the goodwill represented by the brand.

Finally, in response to SPI's motion, Defendants fail to identify any genuine issue of material fact concerning Olivia Miller, Inc.'s liability as guarantor of S3's obligations.

## **ARGUMENT**

I.  **Defendants Have Failed to Meet Their Burden of Showing a Genuine Issue of Material Fact on Their Equitable Estoppel Affirmative Defense to SPI's Breach of Contract and Trademark Infringement Claims**.

The affirmative defense of equitable estoppel requires: "(1) an admission, statement, or act inconsistent with a claim afterward asserted; (2) action by another in reasonable reliance on that act, statement, or admission; and (3) injury to the party who relied if the court allows the first party to contradict or repudiate the prior act, statement, or admission." *Berschauer Phillips*, 124 Wn.2d at 831 (citing *Robinson v. Seattle*, 119 Wn.2d 34, 82, 830 P.2d 318, cert. denied, 506 U.S. 1028, 121 L. Ed. 2d 598, 113 S. Ct. 676 (1992)).  "Estoppel is not favored and a party asserting estoppel must prove each of its elements by clear, cogent and convincing

summary judgment based on a tardy motion to amend to add counterclaims or new defenses.  "A motion for leave to amend is not a vehicle to circumvent summary judgment." *Schlacter-Jones v. General Tel.*, 936 F.2d 425, 443 (9th Cir. 1991). *Accord Shahbazian Family Trust v. O'Neil,* 2017 U.S. Dist. LEXIS 108227 *25-26 (W.D.Wash. July 12, 2017) (denying motion to amend while granting motion for summary judgment); *Broad. Music, Inc. v. Benchley Ventures, Inc.*, 131 F. Supp. 3d 1097, 1104 (W.D. Wash. 2015) (denying defendant's leave to add counterclaim after deadline for amendment of pleadings and while plaintiff's motion for summary judgment was pending).  Rather, defendants must cite specific facts demonstrating a genuine issue for trial on the claims and defenses in the case, not potential claims that are not in the case.

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Civil Action No. 18-cv-224-RSL ..................................... 3

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

1   evidence." *Id.* (citing *Colonial Imports, Inc. v. Carlton Northwest, Inc.*, 121 Wn.2d 726, 734,

2   853 P.2d 913 (1993)).

3         Because SPI has met its initial summary judgment burden, it is Defendants' burden to

4   establish the existence of a genuine issue of material fact that goes to an essential element of its

5   case. *Celotex*, 477 U.S. at 322.   The non-moving party must cite specific facts demonstrating a

6   genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91

7   L. Ed. 2d 202 (1986).   In this case, Defendants must cite specific facts demonstrating that there

8   is a genuine issue for trial on their equitable estoppel defense that they must prove by clear,

9   cogent, and convincing evidence.   Defendants have failed to meet this burden.

10         The equitable estoppel defense fails because Defendants have not identified facts to

11   support the very first threshold requirement of the defense, namely, an admission, statement, or

12   act **inconsistent with SPI's assertion of its breach of contract or trademark infringement**

13   **claims**.   None of the statements Defendants reference are inconsistent with SPI's assertion of

14   these claims in this lawsuit.

15         First, S3 points to "Plaintiff's representations, which, upon information and belief, are

16   false, that Plaintiff had ownership rights in its UNIONBAY and UB trademarks in connection

17   with footwear, when Defendants entered the License Agreement in August 2014." Opposition

18   at 6.[2]  Nowhere does S3 provide an explanation of how these representations are inconsistent

19   with SPI's assertion of its breach of contract or trademark infringement claims.   In fact, SPI's

---

[2] SPI's representation that it owned the UNIONBAY and UB Marks was true by operation of law.  At the time the parties entered into the License Agreement in 2014, SPI's U.S. trademark registrations for UNIONBAY and UB (U.S. Reg. Nos. 2,353,790 & 2,455,084) were both incontestable.  The '790 registration for UNIONBAY became incontestable in 2006.  https://goo.gl/wvBkUK (official PTO record located at uspto.gov). The '084 registration for UB became incontestable in 2007. https://goo.gl/nnaeT7  (official PTO record located uspto.gov).  SPI's ownership of these incontestable registrations "shall be conclusive evidence … of the registrant's ownership of the mark…." 15 U.S.C. § 1115(a).  To the extent Defendants ever had any suspicions about whether SPI had previously licensed its marks for footwear, a simple Google search could have easily assuaged them.  SPI had licensed its mark for footwear long before it licensed it to S3.  For example, in January 2003, Steve Madden announced that it had licensed the UNIONBAY brand from SPI to produce men's and boys' footwear. https://www.just-style.com/news/steve-madden-signs-new-unionbay-line-deal_id89419.aspx

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Civil Action No. 18-cv-224-RSL ..................................... 4

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

1  representation to S3 of its ownership of incontestable federal trademark registrations in the

2  UNIONBAY and UB marks is fully consistent with its assertion of breach of contract and

3  trademark infringement claims.  SPI couldn't bring a claim for trademark infringement unless it

4  owned the marks at issue.

5      Second, Defendants cite to SPI's alleged "reversal" of its prior approvals of S3's

6  footwear designs.   S3 contends that during from 2014 through 2016, SPI approved most of its

7  shoe designs, but that in late 2016, "many of the designs which S3 Holding had created for

8  shoes to be sold in 2017 were not approved."  Kbabieh Decl. ¶ 16.  Defendants argue that this

9  "reversal" should equitably estop SPI from asserting its breach of contract and trademark

10  infringement claims.  Again, nowhere do Defendants explain how SPI's disapproval of some of

11  S3's 2017 designs is inconsistent with SPI's assertion of its claims in this lawsuit.  SPI's

12  disapproval of some of S3's 2017 designs is actually one of the breaches that SPI identified in

13  its notice of termination and is encompassed within SPI's breach of contract claim.  See

14  Complaint ¶13 (""These breaches included …S3's sale of Licensed products without having

15  received necessary approvals from SPI as provided in the License Agreement.").  As such,

16  SPI's disapproval of the 2017 designs is fully consistent with SPI's claims in this litigation.[3]

17      Defendants' attempt to apply equitable estoppel in this case is even less persuasive than

18  the argument that the Washington Supreme Court rejected in *Berschauer Phillips*. In that case,

19  defendants argued that the combination of a joint defense agreement with the plaintiff school

20  district and later representations that the district was happy with their work and had no

21  intention of filing suit against defendants should equitably estop the district from asserting

22  breach of contract claims. 124 Wn.2d at 831-32.  The Supreme Court disagreed: "Praise of

23  ─────────────────

24  [3] At the same time, as SPI stated in its motion for summary judgment, SPI is not asserting these "lack of approval" breaches as the basis for its motion.  See Motion for Summary Judgment at n. 1 ("for purposes of this motion, SPI is not relying on S3's failure to obtain approvals as the basis for termination").  SPI is relying only on S3's undisputed breaches by failing to make its required 2017 guaranteed minimum royalty and advertising payments under the License Agreement.  Thus, even if S3 had raised any issues of fact concerning the propriety of SPI's decision not to approve any S3 designs (which it has not), any such issues would be immaterial to the Court's resolution of this motion.

25

26

27

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Civil Action No. 18-cv-224-RSL ..................................... 5

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

1    one's work product and statements that a party does not intend to file a lawsuit against another

2    party do not alone or in combination equal an affirmative promise to not file a lawsuit." *Id*. at

3    832.

4            In this case, SPI's statements that it owns the trademarks it licensed to S3 and SPI's

5    refusal to approve certain 2017 shoe styles are not even remotely in tension with its assertion of

6    its breach of contract and trademark infringement claims.  Rather, they are fully consistent with

7    the assertion of these claims and thus cannot form the basis of an equitable estoppel defense.

8    **II.     SPI's Trademark Infringement Claims Under the Lanham Act are Not Barred by**

9           **the Economic Loss Doctrine**

10           Defendants also assert that SPI's claims for trademark infringement and false

11   designation of origin under the Lanham Act should be barred by the 'Economic Loss Doctrine.'

12   As announced by the Washington Supreme Court in the case cited by Defendants, "the

13   economic loss rule does not bar recovery in tort when the defendant's alleged misconduct

14   implicates a tort duty that arises independently of the terms of the contract." *Eastwood v.*

15   *Horse Harbor Foundation, Inc*., 170 Wn.2d 380, 294-95 (2010) (citations omitted).   "The test

16   is not simply whether an injury is an economic loss arising from a breach of contract, but rather

17   whether the injury is traceable also to a breach of a tort law duty of care arising independently

18   of the contact." *Id*.

19           Defendants fail to cite a single case that barred federal Lanham Act claims for

20   trademark infringement under a state law economic loss rule.  This is not surprising because

21   Defendants' argument has at least three independent fatal flaws.

22           First, the economic loss rule does not apply on its face because it is limited to "tort"

23   claims.  It has no application to trademark infringement claims based on a federal statute.

24           Second, even if the rule could be applied, it should not apply in this case because SPI's

25   Lanham Act claims arise from federal statutory duties independent of the terms of the License

26   Agreement.  Once the License Agreement was terminated, S3 was under statutory duties not to

27

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Civil Action No. 18-cv-224-RSL ..................................... 6

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

1  infringe SPI's trademarks.  These duties are created by Section 32 and 43(a) of the Lanham

2  Act.[4] These federal statutory causes of action were specifically reserved by the parties in the

3  License Agreement.  The parties agreed that in the event S3 "should breach of violate any of its

4  covenants… contained in this Agreement, or fail to perform any of its material obligations

5  hereunder, Licensor shall be entitled to exercise any rights or remedy available to it at law or in

6  equity."  Ritchey Decl., Ex. B (Standard Terms ¶ 11(g)).

7          Defendants are wrong when they write that there are no available damages "traceable to

8  any breach of a [] duty independent of the license agreement."  In its Complaint, SPI

9  specifically sought monetary remedies under the Lanham Act including "all actual damages

10 caused by S3's infringement of the UNIONBAY Marks, in an amount to be determined at trial

11 … and that such amount be trebled."  Complaint, Request for Relief F.  In its motion for

12 summary judgment, SPI seeks an award of actual damages for S3's infringement in the form of

13 royalties SPI would have earned had the use been licensed (namely $48,148).  SPI also requests

14 that the Court enhance these damages to up to three times the amount found as actual damages

15 as authorized under the Lanham Act.  15 U.S.C. § 1117(a).[5]

16          Third, and perhaps most importantly, the economic loss rule should not apply to SPI's

17 Lanham Act claims because Congress enacted these specific statutory rights and remedies that

18 exist independent of a breach of contract claim.  The U.S. District Court for the District of

19

20 [4] 15 U.S.C.A § 1114(1)(a) ("Any person who shall, without the consent of the registrant—use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of an goods on or in connection with which such use is likely to cause

21 confusion, or to cause mistake, or to deceive…shall be liable in a civil action by the registrant for the remedies hereinafter provided."). 15 U.S.C. § 1125(a) ("Any person who, on or in connection with any goods or services…

22 uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, … which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection,

23 or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, … by another person…shall be liable in a civil action by any person who believes that he or she is or is likely to

24 be damaged by such act.").

25 [5] SPI does not seek a double recovery in this case.  In the event the Court awards SPI between $48,148 and $144,408 in damages under SPI's Lanham Act claims stemming from S3's post-termination infringement, to

26 avoid double counting, the Court should only award SPI $160,000 in actual damages for breach of contract for SPI's pre-termination breach of contract damages.

27

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Civil Action No. 18-cv-224-RSL ..................................... 7

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

1  Colorado squarely addressed this issue and held that the economic loss rule is no bar to

2  plaintiff's Lanham Act claims:

3      …[E]ven assuming, arguendo, the Lanham Act claims are within the scope of the
    [contracts], the Court finds Congress enacted specific statutory rights and remedies

4      which exist independent of a breach of contract claim.  In light of the Lanham Act's
    comprehensive statutory federal scheme, the Court finds that a litigant's ability to

5      pursue rights and remedies under the Lanham Act is not dependent on the scope of a
    state-adopted rule, the application of which varies from state to state.  [citations

6      omitted]  Accordingly, [plaintiff's] claims are not barred.

7  *Electrology Lab., Inc. v. Kunze*, 169 F. Supp. 3d 1119, 1155 (D. Colo. 2016).  The Court

8  intimates that ruling otherwise would raise serious preemption issues which is undoubtedly

9  correct.

10        Trademark infringement cases against former licensees or franchisees are legion.  As

11  Professor McCarthy writes: "In sum, the law is simple.  If, as a matter of contract law, a service

12  mark or trademark license has ended, the licensee has no right to continue use of the licensed

13  mark.  Any such use is without the trademark owner's consent and constitutes infringement." J.

14  Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, § 25:31 (Fifth Edition

15  2017).  Professor McCarthy cites numerous cases against former licensees or franchisees in

16  which courts properly considered claims for trademark infringement.  *Id*. at nn. 1 & 35.

17  Defendants' over-expansive interpretation of the economic loss rule to bar federal trademark

18  claims against terminated licensees would turn all of this jurisprudence upside down.

19        Defendants fail to cite a single case for the proposition that federal Lanham Act claims

20  against a former licensee may be barred by the economic loss rule.  All of its cited cases

21  applying the economic loss rule involve state law tort causes of action as detailed in this chart:

22

| Cited case | Claim barred by economic loss rule |
|---|---|
| *La Jolla Spa Md, Inc. v. Avidas Pharms*., 2017 U.S. Dist. LEXIS 178738 at *18-19 (S.D. Cal. October 27, 2017) | Fraud (state law) |
| *Thompkins v. Lil' Joe Record, Inc*., 476 F.3d 1294, 1316 (11th Cir. 2007) | Fraud (state law) |

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Civil Action No. 18-cv-224-RSL ..................................... 8

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

| *Huddle House, Inc. v. Two Views, Inc.*, 2013 U.S. Dist. LEXIS 48754 at *14 (N.D. Ga. April 4, 2013) | Negligence (state law) |
|---|---|

Defendants contend that the *Huddle House* case is "perhaps most relevant" presumably because the case involved a terminated franchisee where the plaintiff suffered injury to its trademark. Yet Defendants fail to advise the Court that the Court applied the economic loss rule only to dismiss Plaintiff's **negligence** claim.  Plaintiff also alleged a trademark infringement claim on which defendant did **not** move to dismiss.  *Huddle House*, 2013 U.S. Dist. LEXIS at *5 ("In the Complaint, Plaintiff asserts the following claims and requests for relief: ….trademark and service mark infringement and trading on the identity of another (Count IV)….").

### III.  Enhanced Damages Under the Lanham Act Are Proper in This Case to Compensate SPI for the Damage to the Goodwill in its Marks Caused by S3's Infringement.

As set forth in its motion for summary judgment, SPI **is** seeking an award of actual damages under 15 U.S.C. § 1117 on its Lanham Act claims for trademark infringement and false designation of origin after the License Agreement was terminated.  As shown by the *Choice Hotels* case, an appropriate measure of those damages is the royalty rate set forth in the License Agreement.  *Choice Hotels Int'l v. Patel*, 2013 U.S. Dist. LEXIS 194012, *9 (S.D. Cal. 2013).

If the Court awards such damages, it has the discretion to enhance the award up to three times to compensate a plaintiff for additional losses not compensated for.  In this case, an enhancement is appropriate because an award of lost royalties fails to provide any compensation to SPI for the damage caused by S3's unauthorized use of the mark on unapproved 2017 shoe styles.  SPI's disapproval of the 2017 styles shows that those styles, over which SPI has no control, are not consistent with the goodwill of the brand.  Given the national scope of the UNIONBAY brand and the total amount of S3's sales of infringing merchandise in 2018 ($552,278), it is entirely reasonable and appropriate for the Court to

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT Civil Action No. 18-cv-224-RSL ..................................... 9

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

1  award additional compensation of $96,296 to the $48,148 actual damages award under the

2  Lanham Act.

3  **IV.     Defendants Offer Nothing to Counter Defendant Olivia Miller, Inc.'s Liability as**

4  **Guarantor of S3's Obligations Under the License Agreement.**

5         In its motion for summary judgment, SPI presented evidence of Olivia Miller, Inc's

6  unconditional guaranty of S3's obligations under the License Agreement.  S3 presented no

7  evidence or argument in opposition to Olivia Miller, Inc.'s guaranty obligation.  Therefore,

8  Olivia Miller, Inc. should be made liable for the full amount of damages for S3's defaults under

9  the License Agreement, plus prejudgment interest and attorney's fees, as provided in the

10  License Agreement.

11

12                                    **CONCLUSION**

13         In this case, S3 undisputedly failed to meet its payment obligations under the License

14  Agreement with SPI.  After SPI terminated the License Agreement, S3 then willfully infringed

15  SPI's trademarks by continuing to sell UNIONBAY and UB branded merchandise.  Defendants

16  have failed to meet their burden of proving a genuine issue of fact for trial either on their

17  equitable estoppel defense or the application of the economic loss rule.  As such, SPI

18  respectfully requests that the Court grant its motion for summary judgment and award

19  judgment to SPI as follows:

20         i.      Breach of contract damages in the amount of $160,000;[6]

21         ii.     Treble damages from violation of Sections 32 and 43(a) of the Lanham Act in

22                 the amount of $144,408;

23

24  _____

25  [6] This is the appropriate amount of damages for breach of contract in the event the Court awards actual damages
for trademark infringement for S3's sales of UNIONBAY merchandise after the termination of the License
Agreement.  However, if the Court did not award any damages for trademark infringement under the Lanham Act,
the total amount of damages for breach of contract would be $208,148 to account for SPI's damages arising after

26  termination.

27

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Civil Action No. 18-cv-224-RSL .................................... 10

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON  98104-7092
(206) 622-4900

iii.     Prejudgment interest on the $160,000 breach of contract damages calculated at the annual rate of 12% from May 26, 2017 to the date of judgment; and

iv.     Reasonable attorney's fees and costs in an amount to be determined.

Respectfully submitted this 18th day of January, 2019,

Seed IP Law Group LLP

By:  /s/ Marc C. Levy
Marc C. Levy, WSBA No. 19203
Thomas A. Shewmake, WSBA No. 50765
701 Fifth Ave., Suite 5400
Seattle, WA 98104
(206) 622-4900
marcl@seedip.com
tomshewmake@seedip.com

Attorneys for Plaintiff
Seattle Pacific Industries, Inc.

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Civil Action No. 18-cv-224-RSL ................................... 11

1

2

### <u>CERTIFICATE OF SERVICE</u>

3

I hereby certify that on this 18th day of January, 2019, I caused to be electronically filed

4

the foregoing PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY

5

JUDGMENT with the Clerk of Court using the CM/ECF system, which will send notification

6

of such filing to the following counsel of record:

7

Scott Zarin

8

scottzarin@copyrightrademarkcounsel.com

9

10

  /s/Jennifer Ruppert
Jennifer Ruppert

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Civil Action No. 18-cv-224-RSL ................................... 12

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900