UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEATTLE PACIFIC INDUSTRIES,
INC.,

        Plaintiff,

     v.

S3 HOLDING LLC, *et al.*,

        Defendants.

Case No.  C18-0224RSL

ORDER DENYING MOTION TO
AMEND AND TO COMPEL

     This matter comes before the Court on "Defendants' Motion for Leave to Amend

Answer and Add Counterclaims and to Compel Discovery." Dkt. # 35. Having reviewed

the memoranda, declaration, and exhibits submitted by the parties, the Court finds as

follows:

**A. Motion to Amend Answer**

     Pursuant to Fed. R. Civ. P. 16(b)(4), case management deadlines established by the

Court "may be modified only for good cause and with the judge's consent." Rule 16 was

amended in 1983 to require scheduling orders that govern pre-trial as well as trial

procedure. The purpose of the change was to improve the efficiency of federal litigation:

leaving the parties to their own devices until shortly before trial was apparently costly and

resulted in undue delay. Under the new rule, once a case management schedule is

established, changes will be made only if the movant shows "good cause."

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). See also

Zivkovic v. S. Cal. Edison Co., 302 F3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff

failed to "demonstrate diligence in complying with the dates set by the district court,"

good cause was not shown).[1]

The Court sets the deadline for amending pleadings approximately two months

before discovery closes so that the parties have a full and fair opportunity to investigate

all relevant claims and defenses. In this case, the date for asserting new defenses and

counterclaims was October 3, 2018.[2] Defendants assert that they were diligent in seeking

to amend their answer because they first became aware of the facts forming the bases of

their newly-asserted defenses and counterclaims on December 12, 2018, when plaintiff

responded to outstanding discovery requests. Dkt. # 43 at 5. The record does not support

this assertion. In their motion, defendants acknowledged that they had "previously

---

[1] The case management order in this case likewise states "[t]hese are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown . . . ." Dkt. # 21 at 2; Dkt. # 23 at 2.

[2] Defendants argue that the "deadline for amending pleadings" set forth in the case management order was the deadline for amending pleadings only if the amendment were of right or with agreement of the opposing party. This interpretation arbitrarily limits the language of the Court's order and is rejected.

suspected" that plaintiff had never used its mark in connection with footwear (the key fact underlying the proposed amendment), but nevertheless waited until October 29, 2018, to propound discovery aimed at testing that suspicion. The deadline for amending pleadings passed three weeks earlier: the undisputed facts show that defendants were not diligent in pursuing known theories. In addition, the only thing that happened on December 12, 2018, was that plaintiff objected to the discovery defendants had propounded. Defendants therefore know no more now than they did when they suspected fraud on the United States Patent and Trademark Office ("USPTO"). Their suspicion may have deepened, but it is still nothing more than suspicion. If defendants now have a Rule 11 basis for asserting the proposed defenses and counterclaims, the same basis existed prior to the deadline established by the Court.

Defendants were not diligent in pursuing their potential defenses and counterclaims. Having failed to show good cause for an amendment of the case management deadline, the motion to amend is DENIED.

**B. Motion to Compel**

Defendants seek an order compelling plaintiff to respond to (a) requests for admission seeking information regarding its use of the UNIONBAY mark in connection with footwear during various periods of time (Dkt. # 36-2) and (b) requests for production seeking "[a]ll documents" related to the promotion, marketing, advertisement, unpaid media coverage, monthly purchases, monthly and yearly revenues, license agreements, and use of the UNIONBAY mark on footwear since 1981 (Dkt. # 36-3). Plaintiff objected to the requests for admission as irrelevant and therefore not proportional to the needs of the case. It objected to the requests for production as irrelevant, unduly burdensome,[3] and

---

[3] Defendants have not addressed plaintiff's undue burden objections.

ORDER DENYING MOTION TO AMEND
AND TO COMPEL  - 3

1   not proportional to the needs of the case.

2        Defendants argue that the information they seek is relevant (1) to prove the

3   proposed affirmative defenses and counterclaims, (2) to disprove plaintiff's allegation

4   that it has continuously used the mark in commerce since 1981, (3) to challenge the

5   credibility of plaintiff's president because he represented to the USPTO that plaintiff had

6   used the mark in connection with footwear, and (4) to prove defendants' equitable

7   estoppel defense. The first and second arguments are summarily rejected. Defendants'

8   motion to amend has been denied, so any relevance the information may have to the

9   proposed claims and defenses does not justify compelled production. Information

10  regarding plaintiff's use of the mark in connection with footwear does not prove or

11  disprove its use of the mark generally.

12       Defendants offer no case law in support of their impeachment argument. Pursuant

13  to Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that

14  is relevant to any party's claim or defense and proportional to the needs of the case . . . ."

15  A discovery request must therefore be relevant to a claim or defense. If requests for

16  admission or production could be justified by nothing more than the hope of catching a

17  witness in a lie, there would be virtually no limit on the scope of discovery. The fact that

18  the Court may allow a party to cross-examine a witness regarding known instances of the

19  witness' conduct that are probative of his character for truthfulness or untruthfulness

20  under Fed. R. Ev. 608(b) does not change the scope of discovery under Rule 26.

21       With regards to defendants' equitable estoppel defense, defendants assert that

22  plaintiff falsely claimed ownership rights in the UNIONBAY marks based on false

23  statements of use in connection with footwear; that defendants relied on these false

24  representations in entering licensing agreements with plaintiff; and that defendants were

25

26  ORDER DENYING MOTION TO AMEND
    AND TO COMPEL  - 4

prejudiced by their reliance. Dkt. # 35 at 11. The defense, as stated by defendants, is actually based on fraud, not estoppel. For plaintiff to be estopped from pursing its trademark and breach of contract claims, defendants would have to show a prior act or statement by plaintiff that is inconsistent with its present claims. See Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1091 n.7 (9th Cir. 2003). In fact, plaintiff's claims are entirely consistent with its prior claims of use. The information sought is not relevant to an estoppel defense, and defendants' request to add defenses and counterclaims sounding in fraud has been denied.

For all of the foregoing reasons, defendants' motion to amend its answer and to compel production (Dkt. # 35) is DENIED.

Dated this 4th day of March, 2019.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO AMEND
AND TO COMPEL - 5