UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEATTLE PACIFIC INDUSTRIES, INC.,

    Plaintiff,

v.

S3 HOLDING LLC, *et al.*,

    Defendants.

Case No. C18-0224RSL

ORDER DENYING RECONSIDERATION

On April 10, 2019, the Court found that plaintiff Seattle Pacific Industries ("SPI") is entitled to judgment as a matter of law on its breach of contract claim in the amount of $160,000 and on its trademark infringement claim in the amount of $31,136. Defendants filed a timely motion for reconsideration arguing that the award of actual damages under the Lanham Act constituted manifest error because (1) SPI did not request actual damages and (2) its recovery of liquidated damages under the contract precludes an award of actual damages.

Motions for reconsideration are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable

ORDER DENYING RECONSIDERATION - 1

diligence." LCR Rule 7(h)(1). Defendants have not met their burden. Contrary to their first argument, SPI expressly sought actual damages in the form of lost royalties. See Dkt. # 28 at 5. The second argument is simply a repackaged version of the economic loss argument the Court previously rejected. There is no risk of double recovery in the circumstances presented here. The rights, duties, and liabilities imposed by the contract are distinct from those under the Lanham Act, and the remedies provided cover different wrongs. See Dkt. # 49 at 6 ("Default and termination of the contract stripped S3 of its contractual right to use the marks, triggered certain obligations regarding inventory and other items, and accelerated the due date of the year's GMRP and Advertising payments (discussed below). SPI seeks to enforce those provisions through its breach of contract claim. Once the License Agreement was terminated, the relationship of the parties was again governed by the Lanham Act, and S3's unlicensed use of the trademarks caused non-contract injuries that are remediable pursuant to the terms of the Act.").

For all of the foregoing reasons, defendants' motion for reconsideration (Dkt. # 52) is DENIED.

Dated this 3rd day of May, 2019.

*Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER DENYING RECONSIDERATION - 2