UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEATTLE PACIFIC INDUSTRIES, INC.,

    Plaintiff,

v.

S3 HOLDINGS LLC, *et al.*,

    Defendants.

Case No. C18-0224RSL

ORDER REGARDING MOTION FOR ATTORNEY'S FEES AND COSTS

This matter comes before the Court on plaintiff's "Motion for Attorneys' Fees and Costs." Dkt. #50. In the Order Regarding Cross-Motions for Summary Judgment ("Summary Judgment Order"), this Court held that plaintiff Seattle Pacific Industries ("SPI"), as the prevailing party, was entitled to an award of reasonable attorney's fees and costs. Dkt. #49, at 7. Plaintiff filed its motion along with a declaration of Marc Levy in support of its petition for $122,489.00 in attorney's fees and $5,939.59 in costs. Having reviewed the party's memoranda and the declaration of Marc Levy, the Court finds that plaintiff's motion is GRANTED in part and DENIED in part.

ORDER REGARDING MOTION
FOR ATTORNEY'S FEES AND COSTS - 1

# BACKGROUND

SPI is the owner of the UNIONBAY and UB trademarks for apparel and footwear which it licensed to defendant S3 Holdings LLC ("S3") in 2014 in connection with the manufacture and sale of footwear pursuant to a Trademark License Agreement. SPI filed this lawsuit to recover two required quarterly guaranteed minimum royalty payments and two quarterly advertising payments due under the contract and damages arising from post-termination sales of trademarked goods in violation of the Lanham Act.

In May 2017, SPI provided written notice of default to S3 and, 10 days later, the License Agreement terminated. Upon termination of the License Agreement, the unpaid royalty balance for 2017 of $160,000 was accelerated and became due. S3 continued to sell UNIONBAY products after receiving notice of termination.

S3 failed to satisfy the conditions of paragraph 11(d) of the License Agreement that would have entitled it to a 180 day period during which it could continue to sell accumulated inventory. Thus, its sales of trademarked products after May 26, 2017, were not authorized by the contract and violated SPI's rights under the Lanham Act.

On summary judgment, the Court awarded plaintiff $160,000 in damages plus pre-judgment interest at the rate of 12% per annum on its breach of contract claim and an additional $31,136 in actual damages on its trademark infringement claim. The Court found S3 and Olivia Miller jointly and severally liable for all amounts awarded on the breach of contract claim. The

ORDER REGARDING MOTION
FOR ATTORNEY'S FEES AND COSTS - 2

Court found that SPI was not entitled to $15,012 in royalties based on the inventory S3 held at the end of 2018.

## DISCUSSION

Washington law generally provides for an award of attorney's fees when authorized by contract, a statute, or a recognized ground of equity. <u>Labriola v. Pollard Grp., Inc.</u>, 152 Wn.2d 828, 839 (2004). Whether a specific statute, contractual provision, or recognized ground in equity authorizes an award of fees is a question of law. <u>Tradewell Grp., Inc. v. Mavis</u>, 71 Wn. App. 120, 126 (1993).

**A.     The Terms of the License Agreement Fee Provision Determine Its Scope.**

The attorney's fee provision in the License Agreement is bilateral by its plain terms and does not fall under RCW 4.84.330. Therefore, "it is the terms of the contract to which the trial court should look to determine if such an award is warranted." <u>Kaintz v. PLG, Inc.</u>, 147 Wn. App. 782, 790 (2008). As long as plaintiff's request for fees falls within the contractual provision, "mistaken additional reliance on RCW 4.84.330 . . . is no reason to deny its otherwise sufficient fee request." <u>Exelsior Mortg. Equity Fund II, LLC v. Schroeder</u>, 171 Wn. App. 333, 346 (2012). The relevant provision of the License Agreement states

> Should either party be required to bring legal action (including arbitration) to enforce its rights under this Agreement, the prevailing party in such an action shall be entitled to recover from the losing party reasonable attorneys' fees and costs in addition to any other relief to which he is entitled.

"Standard Terms and Conditions" Section 17(q) (Dkt. #26-2, at 22).

ORDER REGARDING MOTION
FOR ATTORNEY'S FEES AND COSTS - 3

**B.     The License Agreement Limits the Fee Award to the Breach of Contract Claim.**

By its plain language, the attorney's fees provision in the License Agreement allows recovery of only those fees expended in actions arising under the contract. "An action is on a contract for purposes of a contractual attorney fees provision if the action arose out of the contract and if the contract is central to the dispute." Moseley v. CitiMortgage, Inc., No. C11-5349RJB, 2011 WL 6151414, at *2 (W.D. Wash. Dec. 12, 2011) (quoting Tradewell, 71 Wn. App. at 130).

Plaintiff's trademark infringement claim was filed in an effort to enforce its rights under the Lanham Act, not its rights under the License Agreement. As the Court stated in the Summary Judgment Order, "[o]nce the License Agreement was terminated, the relationship of the parties was again governed by the Lanham Act, and S3's unlicensed use of the trademarks caused *non-contract* injuries that are remediable *pursuant to the terms of the act*." (Dkt. #49, at 6) (emphasis added). The injuries arising from the post-termination trademark infringement – and the damages consequently awarded – arose from a violation of the Lanham Act independent of the terms of the contract.

The Court was clear in the summary judgment order that the damages awarded under the breach of contract claim were distinct from those awarded under the Lanham Act. Accordingly, in the paragraph of the Summary Judgment Motion awarding plaintiff $160,000 plus pre-judgment interest of 12% for its breach of contract claim, the Court invited SPI to "submit a fee petition . . . that seeks the reasonable fees and costs incurred in enforcing its rights under the

License Agreement." (Dkt. #49, at 10). The following paragraph awarded plaintiff $31,136 in damages for its trademark infringement claim, and the Court notably did not invite plaintiff to submit a fee petition on the awards of these damages. Only fees relating to plaintiff's breach of contract claim may be awarded under the terms of the License Agreement.

**C.     Segregation Of The Fees Is Reasonable And Required.**

In Washington, "segregation of time spent on particular matters is required where attorneys' fees are authorized for only some of the claims." Alaska Airlines, Inc. v. Carey, No. C07-5711RBL, 2010 WL 1406495, at *3 (W.D. Wash. Apr. 2, 2010) (citing Gagliardi v. Denny's Rest., Inc., 117 Wn.2d 426, 450 (1991)). This requires separating out time spent on legal theories essential to the authorized claims from those relating to other legal theories. Hume v. Am. Disposal Co., 124 Wn.2d 656, 672 (1994). The Court can avoid separating the fees if the claims are "so related that no reasonable segregation . . . can be made." N. Seattle Health Ctr. Corp. v. Allstate Fire & Cas. Ins. Co., No. C14-1680JLR, 2016 WL 1643979, at *6 (W.D. Wash. Apr. 26, 2016) (citing Hume, 124 Wn.2d at 673).

Often proving one claim will "involve[] the same preparation as the other claims." Ethridge v. Hwang, 105 Wn. App 447, 461 (2001). In Loeffelholz v. Citizens for Leaders with Ethics Accountability Now (C.L.E.A.N.), the court explained that claims with overlapping facts are not necessarily so related as to excuse segregation. 199 Wn. App. 1010 (2006). The Loeffelholz court stressed that segregation is still required if "at the core of each claim . . . [i]s a different time and different facts." Id. at 692.

ORDER REGARDING MOTION
FOR ATTORNEY'S FEES AND COSTS - 5

Here, fees are available for plaintiff's breach of contract claim but not for the trademark infringement claim. Plaintiff made no effort to segregate the fees in its petition, arguing that the work associated with the trademark infringement claim is too inextricably connected to the breach of contract claim to reasonably segregate the fees because both "arose from the same core of facts." Dkt. #50, at 6.

In Ethridge, the court declined to "artificially segregate" fees because there was a single fact pattern that supported multiple legal theories. 105 Wn. App at 461. The court wrote that "nearly every fact in this case related in some way to all three claims." Id. This case is not analogous. Proving the breach of contract claim and proving the trademark infringement claims required proving different facts. While some basic facts were required for both claims – the existence of a valid trademark owned by plaintiff, for example - plaintiff's legal claims and the Court's judgment on each claim ultimately rested on different sets of facts. Specifically, the breach of contract claim rested on the fact that defendant failed to pay the guaranteed minimum royalty and advertising payments required by the License Agreement. The trademark infringement claim rested on the unrelated fact that defendant continued to sell trademarked merchandise after termination of the License Agreement.

Therefore, plaintiff's breach of contract and trademark infringement claims were not so related as to excuse plaintiff from partitioning the fees between the claims. The Court finds that it would be unjust to award plaintiff fees for its Lanham Act claims when the Act only authorizes an award of attorney's fees under "exceptional circumstances" and the contract does

ORDER REGARDING MOTION
FOR ATTORNEY'S FEES AND COSTS - 6

not authorize an award of fees.  Unspecified or avoidable difficulties in determining what work was relevant to the separate causes of action does not justify a different result, especially when the Court is not convinced that segregation would be impracticable.

Plaintiff has prevailed in this litigation and is entitled to reasonable attorney's fees only on fees incurred litigating the breach of contract claim.  The Court has reviewed the declaration and accompanying exhibits provided by plaintiff, and determined that the information provided by plaintiff is insufficient to allow the Court to determine a proper segregation.

**D.     Defendant Is Not A Prevailing Party Entitled To An Offsetting Fee Award.**

The License Agreement does not specifically define the term "prevailing party." Washington courts have defined a prevailing party as "one who receives an affirmative judgment in his or her favor."  Nat. Surety Corp. v. Cadet Mfg. Co., 132 Fed.Appx. 711, 712 (9th Cir. 2005) (citing Riss v. Angel, 131 Wn.2d 612, 633 (1997)).  When neither party wholly prevails, the Court will look to which party "substantially prevailed."  Northwestern Mut. Life Ins. Co. v. Koch, No. C08-5394BHS, 2010 WL 51727, at *3 (W.D. Wash. Feb. 10, 2010) (citing Hertz v. Riebe, 86 Wn. App. 102, 105 (1997)).  "Determining the 'substantially prevailing party . . . depends upon the extent of relief afforded the parties.'"  Koch, 2010 WL 51727, at *3 (quoting Riss, 131 Wn.2d at 633).  When both parties prevail on a major issue, neither party is a prevailing party.  Hertz, 86 Wn. App at 105.  When there are "several distinct and severable claims" on which different parties prevailed, the Court may award attorney's fees to both parties under a bilateral fee clause.  Marassi v. Lau, 71 Wn. App. 912, 917 (1993).

ORDER REGARDING MOTION
FOR ATTORNEY'S FEES AND COSTS - 7

Defendant asserts that plaintiff cannot be considered the prevailing party under the License Agreement because both parties prevailed on major issues. In <u>Silverdale Hotel Ass'ns v. Lomas & Nettleton Co.</u>, the court found that plaintiff was the prevailing party even though plaintiff was not able to recover its entire claim. 36 Wn. App. 762, 774 (1984). According to the <u>Marassi</u> court's analysis of <u>Silverdale</u>, this was because plaintiff had been successful on a single breach of contract claim, but had failed to convince the court on each of the several damages theories. The instant case is much more akin to <u>Silverdale</u> than it is to <u>Marassi</u> where plaintiff prevailed on only 2 out of 12 of the claims brought. Here, plaintiff brought two main claims: breach of the License Agreement and trademark infringement under the Lanham Act. As the Court has explained, plaintiff prevailed on both its trademark infringement and breach of contract claim and was awarded damages on those claims. This is not a situation where both parties prevailed on major issues. Plaintiff prevailed on each major issue alleged in its complaint. Defendant did not prevail on any claim, "except in the sense that damages were not as high as prayed for. A party need not recover its entire claim in order to be considered the prevailing party." <u>Silverdale</u>, 36 Wn. App. at 774.

For the foregoing reasons, the Court declines to offset plaintiff's award with an award to defendants for limiting the damages plaintiff received.

**E.      Plaintiff Is Entitled To Recover Reasonable Costs.**

The right to costs is generally authorized by RCW 4.84.010 unless there is an agreement concerning costs between the parties. <u>Wash. Asphalt Co. v. Boyd</u>, 63 Wn.2d 690 (1964). In the

absence of an expressly expanded cost recovery provision or statute, a prevailing party is only entitled to the categories of costs enumerated under RCW 4.48.010. <u>Hume</u>, 124 Wn.2d at 674.

The License Agreement authorizes the prevailing party, SPI, to recover costs. "Standard Terms and Conditions" Section 17(q) (Dkt. #26-2, at 22). Plaintiff argues that the inclusion of the term costs in a contractual provision necessarily expands the list of recoverable costs that would otherwise be authorized by statute. The Court disagrees. Plaintiff relies on <u>Ernst Home Center v. Sato</u>, in which the court found that a lease agreement authorizing the recovery of "all costs" would be superfluous if it did not expand the list of costs under RCW 4.48.010. 80 Wn. App. 473, 491 (1996). Here, the provision does not include the crucial term "all." The Court is not persuaded that the parties bargained to expand the list of recoverable costs, and the Court does not have the authority to expand the list in absence of a contractual provision or statute expanding the list. Thus, the Court finds that plaintiff can only recover costs enumerated under RCW 4.48.010.

Having reviewed plaintiff's declaration and exhibits in support of its memorandum, the Court determines the amount of recoverable costs to be $5,057.00.

## CONCLUSION

For the foregoing reasons, plaintiff's petition is GRANTED in part and DENIED in part. Defendant shall, within twenty days of the date of this Order, pay to plaintiff costs in the amount of $5,057.00.

ORDER REGARDING MOTION
FOR ATTORNEY'S FEES AND COSTS - 9

Plaintiff may submit to the Court a proposed fee award and time records based on proper segregation of the time spent on each claim within 14 days of this order. Plaintiff's counsel shall not charge the client or seek recover of additional fees for the time spent segregating time keeper records: the Court's legal analysis and fee award made clear that segregation was necessary at the outset.

Dated this 8th day of July, 2019.

Robert S. Lasnik
United States District Judge

ORDER REGARDING MOTION
FOR ATTORNEY'S FEES AND COSTS - 10