1

2

3

4

5

6                                 UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON

7                                      AT SEATTLE

8 SEATTLE PACIFIC INDUSTRIES,
INC.,

9

10            Plaintiff,                     Case No.  C18-0224RSL

11          v.                      ORDER AWARDING FEES AND
                                       COSTS

12 S3 HOLDING LLC, *et al.*,

13           Defendants.

14

15      On April 10, 2019, the Court found that plaintiff Seattle Pacific Industries, Inc.

16 ("SPI") was entitled to damages on its breach of contract claim and trademark

17 infringement claim. Dkt. # 49. Plaintiff was invited to submit a fee petition for the

18 reasonable fees and costs it incurred in pursuing its claim under the Licensing Agreement,

19 which contained a fee-shifting provision. Id. at 10. The fee petition submitted by SPI

20 failed to segregate fees between the contract and Lanham Act claims, however. Plaintiff

21 argued that the work associated with the trademark infringement claim was inextricably

22 connected to the breach of contract claim, arose from the same core facts, and could not

23 reasonably be segregated. Dkt. # 50 at 6. The Court rejected this argument, finding that

24 proving the breach of contract claim and proving the trademark infringement claim

25

26 ORDER AWARDING FEES AND COSTS - 1

involved different sets of facts. Dkt. # 56 at 6. The Court awarded plaintiff its costs in the amount of $5,057.00, but declined to award fees on the existing record. Id. at 9. SPI was given fourteen days in which to amend its fee request. Id. at 10.

SPI timely filed a revised attorney's fee request. Dkt. # 57. It deleted billing entries for tasks directed exclusively toward the trademark infringement claim ($1,847.50) and reduced by half entries for tasks directed toward both the breach of contract and infringement claims ($35,222.00). No reduction was made if a given task would have been required in the absence of a trademark infringement claim. SPI identifies as examples of this last category "such things as preparing a notice of deposition for one of Defendants' witnesses, preparing a motion to seal for the summary judgment motion, [and] work on scheduling depositions." Id. at 2.

Defendants urge the Court to reject SPI's revised attorney's fee request because (a) the billing entries related to discovery are too general to allow the Court to identify tasks that would have been necessary or how much time would have been spent in the absence of the infringement claim and (b) SPI inappropriately seeks recovery of all hours not related to the infringement claim rather than only those hours that were related to the breach of contract claim.

Having reviewed the memoranda and exhibits submitted by the parties, the Court finds that additional reductions in SPI's fee request are necessary. Many of the descriptions provided for various tasks are so broad as to encompass work that likely benefitted both of the claims asserted in this litigation: there is no basis on which to assume that the hours were spent on tasks associated only with the breach of contract claim. For example, SPI's review of defendants' answer and motion to amend, unspecified discovery activities, settlement efforts, and original attorney's fee petition likely involved consideration of all of the claims asserted in this litigation. The Court

1  accepts SPI's best estimate regarding a fair allocation of its efforts on combined tasks and

2  has divided these entries equally between the breach of contract and infringement claims.

3  If a time sheet entry includes a list of tasks and it is impossible to tell how much time was

4  spent on each, the inclusion of a task that likely related to both claims resulted in a 50%

5  reduction of the entire entry. In addition, entries related to defendants' sales data,

6  including the motion to seal that data in the summary judgment context, are more likely

7  related to the calculation of damages on the infringement claim rather than the breach of

8  contract claim. Those entries have been deleted from the fee request in their entirety.

9  Making the adjustments described above adequately addresses defendants' concerns and

10  results in a further reduction of the fee award by $20,804.00.

11

12      For all of the foregoing reasons, SPI's motion for an award of fees and costs (Dkt.

13  # 50) and revised request (Dkt. # 57) are GRANTED in part. In addition to the

14  previously-awarded costs of $5,057.00 (Dkt. # 56), plaintiff is awarded attorney's fees in

15  the amount of $64,615.50. Plaintiff shall, within seven days of the date of this Order,

16  submit a proposed form of judgment.

17

18
        Dated this 12th day of November, 2019.
19

20
                                    Robert S. Lasnik
21                                  United States District Judge
22

23

24

25

26  ORDER AWARDING FEES AND COSTS - 3