**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 26 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SEATTLE PACIFIC INDUSTRIES, INC., <br><br> Plaintiff-Appellee, <br><br> v. <br><br> S3 HOLDING LLC and OLIVIA MILLER, INC., <br><br> Defendants-Appellants. | No.   19-36096 <br><br> D.C. No. 2:18-cv-224-RSL <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted October 7, 2020
Seattle, Washington

Before: CALLAHAN and CHRISTEN, Circuit Judges, and RAKOFF,[**] District Judge.

On August 22, 2014, Seattle Pacific Industries, Inc. ("SPI"), an apparel manufacturer and distributor, granted an exclusive license to S3 Holding, LLC and Olivia Miller, Inc. (collectively, "S3 Holding" or "Defendants") to design,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

manufacture, and distribute footwear bearing SPI's UNIONBAY and UB trademarks. The agreement conditioned S3 Holding's trademark use on SPI's prior written approval, which SPI could grant or withhold at its "sole and absolute" discretion. The agreement required S3 Holding to make annual "Guaranteed Minimum Royalty Payments" and "Minimum Advertising Payment[s]." Upon the agreement's termination, S3 Holding could sell its remaining inventory of trademarked goods only if S3 Holding provided SPI with a detailed schedule of that inventory and its location within 15 days. The agreement included a liquidated damages clause.

In 2016, SPI allegedly withdrew several approvals for S3 Holding's footwear designs. S3 Holding missed guaranteed minimum royalty payments and minimum advertising payments due on January 1, 2017 and April 1, 2017. Accordingly, SPI delivered written notice of default on May 16, 2017, and the license agreement terminated on May 26, 2017. S3 Holding failed to provide SPI with the location of its remaining inventory but continued to sell trademarked footwear until mid-2018.

SPI sued S3 Holding for, *inter alia*, trademark infringement and breach of contract. S3 Holding appeals from the district court's (1) denial of its motion for leave to amend, (2) grant of summary judgment on SPI's breach of contract claim, (3) denial of Defendants' motion to compel additional discovery, and (4) award of liquidated damages and actual trademark damages. We affirm.

A district court's denial of a motion for leave to amend a pleading is reviewed for abuse of discretion. *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Under Federal Rule of Civil Procedure 16(b), a party seeking to amend a pleading after the scheduling order's deadline for doing so must show "good cause" for amendment. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). A plaintiff who fails to "demonstrate diligence in complying with the dates set by the district court . . . has not demonstrated 'good cause.'" *Zivkovic*, 302 F.3d at 1087–88. The district court's scheduling order set October 3, 2018 as the "[d]eadline for amending pleadings." Defendants sought leave to amend their answer to include defenses and counterclaims concerning SPI's alleged misrepresentation of its trademark ownership on January 14, 2019, months after the deadline to do so had passed.[1] The district court evaluated the motion for leave to amend under the "good cause" standard and found Defendants were not

---

[1] S3 Holding argues the scheduling order's "[d]eadline for amending pleadings" refers to the deadline to amend pleadings by right, and that the dispositive motions deadline governs its motion for leave to amend. We disagree with this interpretation. By statute, the deadline to amend pleadings by right was April 13, 2018. *See* Fed. R. Civ. P. 15(a)(1)(A). When the court entered its scheduling order, that deadline had passed. It follows then that the October 3, 2018 "[d]eadline for amending pleadings" referred to amending pleadings with leave of the court. Indeed, this is how the district court interpreted its own order. Because "[t]he district court is the best judge of its own orders" and should be deferred to if reasonable, we conclude the deadline for S3 Holding to amend its answer was October 3, 2018. *See Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828, 836 (9th Cir. 2011).

diligent. Defendants had long suspected SPI did not own the UNIONBAY and UB marks. S3 Holding could have amended its pleadings to assert its proposed claims and defenses before October 3, 2018 but failed to do so. Because the district court applied the correct "good cause" standard and reasonably concluded that Defendants did not diligently attempt to comply with the court-imposed deadline, the court's denial was not an abuse of discretion.

A district court's summary judgment decision is reviewed de novo. *Sandoval v. County of Sonoma*, 912 F.3d 509, 515 (9th Cir. 2018). We agree that SPI established there was no genuine issue of material fact as to each element of its breach of contract claim. Under Washington state law, the elements of a breach of contract claim are (1) a contract imposing a duty, (2) breach of that duty, and (3) damages proximately caused by breach. *C 1031 Prop., Inc. v. First Am. Title Ins. Co.*, 301 P.3d 500, 503 (Wash. Ct. App. 2013). The parties do not dispute the existence of a valid contract; that S3 Holding failed to make contractually required payments to SPI after January 1, 2017; or that S3 Holding continued to sell unauthorized trademarked footwear after the license agreement terminated. Nowhere in the record do the parties dispute that S3 Holding's missed payments damaged SPI. Thus, SPI carried its burden, and the burden shifted to S3 Holding to produce evidence supporting its defense. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

S3 Holding did not establish a genuine issue of material fact regarding its equitable estoppel defense. Equitable estoppel requires an "admission, statement, or act inconsistent with [a] later claim." *In re Estate of Hambleton*, 335 P.3d 398, 414 (Wash. 2014) (en banc). S3 Holding argues SPI's revocation of its design approvals is the required inconsistent act or statement. But SPI's revocation of design approvals is not inconsistent with its claims under the contract, which provides that designs were subject to approval in SPI's "absolute discretion." Further, this purported inconsistency could not preclude summary judgment, because SPI's breach of contract claim does not rely on its design approval rights. Defendants next argue that SPI's initial representation of trademark ownership is inconsistent with its present claims. However, SPI maintained that it owned the trademarks throughout the litigation—it is only Defendants' "suspicion" of that ownership that changed. Because Defendants established no genuine issue of material fact regarding the first element of an equitable estoppel defense, the district court did not err in discounting it. *See Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 832 (9th Cir. 2002).

A district court abuses its discretion in denying additional discovery "only 'if the movant diligently pursued its *previous* discovery opportunities, and if the movant can show how allowing *additional* discovery would have precluded summary judgment.'" *IMDb.com Inc. v. Becerra*, 962 F.3d 1111, 1127 (9th Cir. 2020) (quoting *Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994)). Neither

prong is satisfied here. First, S3 Holding did not diligently pursue previous discovery opportunities. S3 Holding had suspected that SPI did not own the trademarks at issue since "sometime after the parties executed the license agreement" in August 2014. Yet, S3 Holding did not propound discovery on SPI's ownership until three weeks after the deadline to amend their answer. Second, the discovery sought related only to defenses S3 Holding unsuccessfully sought leave to add to its answer and would not have precluded summary judgment. Further, the discovery was unrelated to an inconsistent act or statement and thus irrelevant to an equitable estoppel defense. *See In re Estate of Hambleton*, 335 P.3d at 414. Thus, the district court did not abuse its discretion by granting summary judgment and denying Defendants the opportunity to complete discovery on its proposed equitable estoppel defense.

"We review de novo the legal conclusion that damages are available." *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859–60 (9th Cir. 2011). S3 Holding asserts that the award of both liquidated damages for breach of contract and actual damages for trademark infringement is an impermissible double recovery. But there is no double recovery where the plaintiff's claims for damages are "not . . . based on the same wrongful act." *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1010–11 (9th Cir. 1994). Here, the damages awards stem from two distinct acts: (1) Defendants' failure to make the required minimum payments under the License Agreement in January and April 2017 and (2) Defendants' continued sale of

trademarked products without authorization after the termination of the license agreement. Because the awards address separate conduct and separate injuries, the district court did not err by awarding both liquidated damages for breach of contract and actual damages for trademark infringement.

**AFFIRMED.**